

**NUMBERS 13-07-490-CR & 13-07-491-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**COREY SATTERWHITE A/K/A
CORY SATTERWHITE,**                                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                      **Appellee.**

---

**On appeal from the 214th District Court of Nueces County, Texas.**

---

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Benavides
### Memorandum Opinion Per Curiam

Pursuant to plea bargains, appellant, Corey Satterwhite a/k/a Cory Satterwhite, pleaded guilty to aggravated assault in trial court cause number 07-CR-1414-F(S1), appealed to this Court as appellate cause number 13-07-00490-CR, and retaliation in trial court cause number 07-CR-415-F(S1), appealed to this Court as appellate cause number 13-07-00491-CR. The trial court sentenced appellant in accordance with the terms of the

plea agreements.  Appellant filed pro se notices of appeal in each cause. The trial court's certifications of appellant's right to appeal in both of these causes shows that each is a "plea bargain case, and the Defendant has NO right of appeal."  *See* TEX. R. APP. P. 25.2(a)(2).

Rule 25.2(a)(2) provides that, in a plea bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal.  *See id.*  We have reviewed the clerk's record filed in each of these causes, and there is nothing in the records to indicate that either situation applies in the instant cases.  The records support the trial court's certifications stating that the sentences in these cases were the result of plea bargains and that appellant has no right to appeal.  *See Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005).

The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal. TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 37.1, 44.3, 44.4.  Accordingly, these appeals are DISMISSED.  *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (a court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2 (a)(2), must dismiss a prohibited appeal without further action).  Pending motions, if any, are DISMISSED AS MOOT.

PER CURIAM

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 27th day of March, 2008.

2